HARVARD LAW SCHOOL LIBRARY

## HUSSEY *v.* McDERMOTT.

SEVERAL persons were owners of separate tracts of land within an outside fence, which formed a common inclosure; but the division lines of the separate tracts within the common inclosure were well known and defined, and each person cultivated his own tract.

A and B, two of these owners, disposed of their tract to C.   Soon after this, D, who was the owner of another tract within the inclosure, went on the tract sold to C and commenced plowing it.   C went to D, took hold of his horses, and commenced turning them from the tract, when D drew a pistol, and aiming it at him threatened to hurt him if he did not leave.   D continued plowing on the land: *held,* that the acts committed by D, clearly amounted to a forcible entry and detainer; and that the general outside fence constituted as full and complete an actual possession in the owner of each separate tract, as though it had been inclosed by a lawful fence.

APPEAL from the County Court of the County of San Joaquin.

The land within the inclosure mentioned in the opinion was public land, and had been inclosed at the common expense of the parties claiming it for their mutual protection.   The other facts appear in the opinion of the Court.

*George W. Tyler,* for Appellant.

*Brown* and *Graves,* for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action of forcible entry and detainer.   The facts relating to the matter in controversy do not seem to be disputed, and the main question is whether they show that the plaintiff is entitled to maintain the action.   It appears that the parties are the owners of separate tracts of land within an outside fence, which forms a

common inclosure for several farms; but the division lines of the tract of each claimant are well known and defined, and each person cultivates his own tract within such boundary lines. The tract in controversy contains about thirty acres, and lies immediately north of the tract owned by the defendant; and the division line between this thirty-acre tract and the defendant's land is marked by a small ditch and embankment, about three feet high from the bottom of the ditch to the top of the bank. This thirty acres had been owned and cultivated by two brothers named Sperry, from 1857 to the Fall of 1861, when they exchanged with the plaintiff for other land owned by him. This exchange was made and the possession of the thirty acres delivered by the Sperrys to the plaintiff about two months before the commencement of this suit. About a month before this exchange was made with the plaintiff, the defendant applied to the Sperrys to purchase this thirty acres, or make an exchange for cattle; but they failed to come to any agreement.

A few days before the commencement of the suit, the plaintiff, and several others with him, went on this thirty-acre tract and found the defendant plowing there, and the plaintiff told the defendant that he was trespassing upon his land and wanted him to leave it. The defendant replied, that he should do no such thing; that he had a better right to it than the plaintiff. The plaintiff then took the horses by the bits, and commenced turning their heads in the direction of the defendant's house, and said to the defendant: "Let me show you how to plow a furrow off my land." As soon as the plaintiff did this, the defendant pulled out a six-shooter pistol, raised it up, pointed it at the plaintiff, and told him to let go those horses' bits or he would get hurt. They were then about twelve feet apart. The plaintiff then went off and left the defendant, who went on plowing the land. It seems that about six weeks after this occurrence, and while the suit was pending, the plaintiff attempted to plow the land, when the defendant came with a double-barreled shotgun, and drove him off; but after the defendant went away, the plaintiff commenced plowing again.

The respondent contends, that the plaintiff had not the actual possession of the land, at the time of the entry of the defendant; because the thirty acres were not inclosed by a separate fence, and

the plaintiff had never cultivated the land.   His possession was clearly sufficient to support this action.    The evidence shows, that a separate fence was not necessary; that the general outside inclosure was sufficient for the protection of the crops.   The land had been cultivated by the Sperrys, and that constituted as full and complete an actual possession as though it had been inclosed by a lawful fence.   They had put the plaintiff in possession; and his possession was as full and ample as theirs.   He went to cultivate the land as soon as the proper season had arrived, and was forcibly driven off by the defendant.   This objection, therefore, has no force.

The acts of the defendant clearly constituted a forcible entry and detainer, within the statute on that subject, and entitled the plaintiff to bring and maintain this action.   This is not a case where the evidence is conflicting, for the principal facts are not controverted. It is unnecessary to investigate the instructions given and refused by the Court, to which the plaintiff excepted, and to point out the errors committed by the Court therein.   The verdict of the jury, and the judgment of the Court thereon, are clearly against the law and the evidence; and the Court erred in refusing the plaintiff a new trial.

The judgment is reversed and the cause remanded for a new trial.